ELIJAH FROST *versus* LEVI TIBBETTS.

To an action on promises, a special plea of bankruptcy is bad on general demurrer, if it do not allege that the debt sued for was not of the classes excepted in the first section of the bankrupt law; such as fiduciary debts, &c.

ASSUMPSIT for $50, had and received. Defendant pleaded a special plea; setting forth, *in extenso*, proceedings in bankruptcy upon his own application, and a discharge as a bank-

Frost *v.* Tibbetts.

rupt, &c. The plea then describes the plaintiff's claim and avers that it was proveable in the bankruptcy proceedings, and was barred by the bankruptcy discharge, but it contained no averment that the debt was not created in consequence of a defalcation of a public officer or while acting in a fiduciary capacity.

There was a general demurrer.

*D. D. Stewart,* for plaintiff.

*E. E. Brown,* for defendant.

1. If the debt had been of the excepted classes, that fact was proveable by the plaintiff under a replication which he might have filed to that effect.

2. The plea *does* negative that the debt is of the excepted classes. It avers that the debt was proveable in bankruptcy and was barred by the discharge in bankruptcy.

3. It sets forth what the debt was, that the Court can judge whether it be of the excepted classes.

HOWARD, J. — The defendant pleaded specially his discharge in bankruptcy, the plaintiff demurred generally and the demurrer was joined.

Since the statute of 1831, c. 514, was repealed by the general repealing act of 1840, the right to plead specially exists in all cases at common law, unless restricted by statute. The R. S. c. 115, § 18, does not restrict this right, in terms, or by implication. It extends rather than restricts the defendant's rights in pleading specially. He " *may* in all cases plead the general issue," and give any special matter in defence, by filing it in the form of a brief statement ; or, he " *may* at his election, plead such matter specially, after the general issue is pleaded ;" but this statute does not require that he *shall* adopt either course in presenting his defence.

A discharge and certificate in bankruptcy, constitute no bar to the recovery of debts of the bankrupt created in consequence of a defalcation as a public officer, or while acting in a fiduciary capacity, unless the creditor prove such debts under the commission. The plea of the defendant does not

allege that the plaintiff's debt was not one of the excepted classes of debts, under the United States bankrupt law of August 19, 1841, § 1. The facts pleaded may all be true, and yet the plaintiff may be entitled to recover. Such facts should be stated in the plea in order to constitute a bar, that, on general demurrer, they would exclude the right of recovery.

Although there is a provision in § 4 of the bankrupt act, that the discharge and certificate shall, in all Courts of justice, be deemed a full and complete discharge of all debts, proveable under that act, yet, it has reference to those debts which could be the foundation for a voluntary application of the debtor for a discharge, and which are not excepted, in the law establishing the system of bankruptcy.

Alleging that the debt of the plaintiff is founded on a promissory note, does not show that it was not fiduciary, or take it from the excepted classes of debts, under § 1, of the act. *Sackett* v. *Andross*, 5 Hill, 327 ; *Morse* v. *City of Lowell,* 7 Met. 152 ; *Chapman* v. *Forsyth,* 2 Howard, 202 ; *Fisher* v. *Currier,* 7 Met. 430.

The plea does not show that this was a debt upon which the discharge and certificate might operate, and it is therefore bad. *Judgment for the plaintiff.*